Jason D. Haymore 13236
Pearson Butler & Carson PLLC
1802 W South Jordan Parkway, STE 200
South Jordan, UT 84095
801-495-4104
JasonH@PearsonButler.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRACI L. HULET,<br><br>          Plaintiff,<br><br>vs.<br><br>LASHBROOK JEWELRY DESIGNS.<br><br>          Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.: 2:19-cv-00927-EJF<br><br>Honorable Magistrate Furse |

Plaintiff Traci L. Hulet (herein Plaintiff) brings this action under Title VII of the Civil Rights Act of 1964, and alleges as follows:

## JURISDICTION

1.   Plaintiff's claims allege gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C.A. §2000e, et seq. (herein "Title VII").

2.   Jurisdiction is proper in this court under 28 U.S.C.A. §1331.

3.   Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on August 20, 2019.

## PARTIES

4. Plaintiff is an adult individual, competent to bring this action, a citizen of the State of Utah, and a resident of Salt Lake County within the State of Utah.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Utah Corporation with its' principal places of business in Utah.

## FACTS

6. Plaintiff was hired on August 3, 2014 as a Territory Manager.

7. Plaintiff was originally interviewed by Eric Laker for a position as his assistant. He spoke of her resume and appearance as a "package deal" and offered her a territory manager position instead.

8. Plaintiff was initially offered a salary of $58,000.00 per year.

9. Upon hiring, Ms. Hulet was promised training opportunities to set her up for success with Lashbrook. However, these trainings never took place.

10. On March 30, 2015, Plaintiff was scheduled to travel with Travis Isaacson ("Travis") for field training, but he cancelled and said it would have to be rescheduled.

11. On April 17, 2015, Plaintiff discussed the missed training session with Matt Isaacson. Matt Isaacson told her that Travis will never train a woman in the field because Travis wanted to "avoid the appearance of evil."

12. Travis offered in field training to male salesman.

13. On May 30, 2015, Plaintiff spoke to Travis Isaacson about scheduling another field training. Travis told her that she had already been trained in December 2014. However, the

training in December 2014 was not sales training, it was Lashbrook policy training. When Plaintiff explained this and again asked for sales training Travis ignored the request.

14. On June 22, 2015, Travis told Plaintiff that she must sell $25,000 a month or she would be fired. When she asked if this was a new standard for all of the sales team or just her, Travis told her that she "didn't have to worry about that." He also said that salaried sales people did not earn commission. This was in direct conflict of the Lashbrook training on policy that Plaintiff had attended in December 2014.

15. On July 13, 2015, Plaintiff sent an email to Eric Laker, ("Mr. Laker") owner of Lashbrook, to complain of the sexual discrimination she was receiving by Travis. She advised Mr. Laker that she had requested the promised training from Travis and he had refused to provide it to her because she was a woman. She also told him that Travis had said it would not be financially smart or worth his time to train her.

16. Upon information and belief, Mr. Laker did not conduct any type of investigation into Ms. Hulet's complaint.

17. On July 13, 2015, on the very same day she had filed the discrimination complaint; Mr. Laker called Plaintiff and reprimanded her. The first thing Mr. Laker said was that he backed Travis' actions and decisions. Travis was also on the call via speaker phone. Travis then told Plaintiff that she has two options: (1) She can quit and they would pay her full salary for the remaining month of July, or (2) she could take a large pay cut and work on a commission basis only.

## FIRST CAUSE OF ACTION
### (Gender Discrimination in Violation of Title VII)

18. Plaintiff re-alleges all statements in previous paragraphs and incorporates them herein.

19. Defendant employed more than fifteen employees while Plaintiff was employed.

20. The Defendant, as evidenced by their failure to take any action to remedy the complaints raised by Plaintiff, failed to exercise reasonable care to prevent and promptly correct any discriminatory behavior and failed to make a good faith effort to comply with Title VII.

21. As described in the foregoing paragraphs of this Complaint, the Defendant engaged in discriminatory conduct by taking adverse action against her, including providing training and financial compensation to male employees, but not to her, while she was employed by the Defendant and ultimately by terminating her from her employment with the Defendant.

22. By virtue of the activities described in the foregoing paragraphs of this Complaint, the Defendant intentionally discriminated against Plaintiff because of her gender and, by reason of such discriminatory conduct, violated Title VII.

23. As a direct and proximate consequence of these violations by the Defendant, Plaintiff has been damaged and will continue to be damaged, and Defendant is liable, for her lost salary and employment benefits and for compensatory damages not including lost pay as defined by Title VII, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained but at least equal to approximately $50,000, plus prejudgment interest thereon.

24. The Defendant engaged in such discriminatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Plaintiff; and, as a result, the Defendant is liable to Plaintiff for punitive damages, in an amount not yet fully ascertained, but at least equal to three times actual

damages, not to exceed the applicable cap on damages set forth in 42 U.S.C. § 1981a for compensatory and punitive damages taken together.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

25. Plaintiff re-alleges all statements in previous paragraphs and incorporates them herein.

26. Defendant employed more than fifteen employees while Plaintiff was employed.

27. The Defendant, as evidenced by its failure to take any action to remedy the complaints raised by Plaintiff, failed to exercise reasonable care to prevent and promptly correct any retaliatory behavior and failed to make a good faith effort to comply with Title VII.

28. As described in the foregoing paragraphs of this Complaint, the Defendant engaged in retaliatory conduct by reducing her salary and by terminating her because of her complaints.

29. By virtue of the activities described in the foregoing paragraphs of this Complaint, the Defendant intentionally retaliated against Plaintiff because she opposed what she reasonably believed to be an unlawful practice under Title VII; and, by reason of such retaliatory conduct, the Defendant violated Title VII, 42 U.S.C. § 2000e(3)(a), as amended.

30. As a direct and proximate consequence of these violations by the Defendant, Plaintiff has been damaged and will continue to be damaged, and the Defendant is liable, for her lost salary and employment benefits and for compensatory damages not including lost pay as defined by Title VII, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained but at least equal to approximately $50,000, plus prejudgment interest thereon.

31. The Defendant engaged in such retaliatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Plaintiff; and, as a result, the Defendant is liable to Plaintiff for

punitive damages, in an amount not yet fully ascertained, but at least equal to three times actual damages, not to exceed the applicable cap on such damages set forth in 42 U.S.C. § 1981a for compensatory and punitive damages taken together.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief from this court and requests that:

1. On the First Cause of Action, judgment that the Defendant violated Title VII and that Plaintiff is entitled to damages from the Defendant (including damages for lost salary and employment benefits and compensatory damages as defined by Title VII, as amended, for pain, suffering, mental anguish, humiliation and inconvenience, all in an amount to be determined at trial) of at least equal to $50,000, plus prejudgment interest thereon; and punitive damages to punish and deter the Defendant and others from engaging in the same unlawful conduct, in an amount to be determined at trial, of at least three times actual damages, not to exceed the applicable cap on damages set forth in 42 U.S.C. § 198 la for compensatory and punitive damages taken together.

2. On the Second Cause of Action, judgment that Defendant violated Title VII and that Plaintiff is entitled to damages from the Defendant (including damages for lost salary and employment benefits and compensatory damages as defined by Title VII, as amended, for pain, suffering, mental anguish, humiliation and inconvenience, all in an amount to be determined at trial) of at least equal to $50,000, plus prejudgment interest thereon; and punitive damages to punish and deter the Defendant and others from engaging in the same unlawful conduct, in an amount to be determined at trial, of at least three times actual damages, not to exceed the applicable cap on damages set forth in 42 U.S.C. § 1981a for compensatory and punitive damages taken together.

3. Costs and disbursements, including reasonable attorney's fees at prevailing market rates, incurred by Plaintiff in pursuing the administrative process, this civil action, and any appeal of the judgment in this civil action, in accordance with 42 U.S.C. § 2000e-5(k);

4. Prejudgment interest accrued between the date of the jury's verdict and final judgment, and post-judgment interest accrued between the date of final judgment and the full and complete satisfaction of the judgment; and

5. Such other and further relief as the Court may deem appropriate, including but not limited to reinstatement or front pay, and such other relief as is necessary to effectuate the purposes of Title VII.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of the claims set forth in this complaint.

Dated this November 18, 2019

/s/ Jason D. Haymore
Jason D. Haymore
Attorney for Plaintiff